IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

Veng Ung, et al.,

    Plaintiffs,

v.

Columbus Extend-A-Suites, et al.,

    Defendants.

Case No: 2:18-cv-1479

Judge Graham

Magistrate Judge Jolson

## Opinion and Order

This matter is before the Court on two motions to dismiss, which arise from plaintiffs' alleged failure to effect service of process on one defendant and from plaintiffs' alleged failure to prosecute their claims against the other defendants.

**I.    Background**

Plaintiffs Veng Ung and his sole proprietorship, 1219 Holdings, LLC, brought this action for unlawful eviction relating to a commercial lease. Plaintiffs filed the action on October 22, 2018 in state court against defendants Columbus Extend-A-Suites, Nikon Capital, LLC, Columbus Series, and Sterling Resource Management, Inc. The complaint alleges that plaintiffs entered into a commercial lease with Extend-A-Suites in October 2017. In connection with the lease, plaintiffs purchased securities from Nikon Capital. From the securities holdings, Extend-A-Suites could collect unpaid lease obligations. The complaint, though admitting that plaintiffs defaulted on their rent in March 2018, asserts that Extend-A-Suites and Nikon Capital exceeded their authority under the lease and the security agreement in attempting to evict plaintiffs from the leased property.

Defendants removed the action to this Court on the basis of diversity jurisdiction. 28 U.S.C. § 1332. Plaintiffs are citizens of Texas, while Extend-A-Suites is a citizen of Ohio, Nikon Capital a citizen of Nevada, and Sterling a citizen of California.

Shortly after removal, the Clerk of Court issued a notice to plaintiffs' counsel that he was not admitted to practice in the Southern District of Ohio. See Doc. 5. The notice contained information and instructions concerning the Court's Local Rules and admission *pro hac vice*. Since that point in time, November 28, 2018, plaintiffs have not made any filings or otherwise appeared in this litigation.

## II. Failure to Effect Service of Process on Sterling

Prior to removal, plaintiffs effected service on defendants Extend-A-Suites and Nikon Capital on October 26 and 29, 2018, respectively. See Doc. 1 at ¶¶ 2-3. However, plaintiffs did not serve defendant Sterling.[1] Following removal, plaintiffs did not serve Sterling, who now moves to dismiss for failure to effect service. Plaintiffs have not responded to the motion.

Under Federal Rule of Civil Procedure 12(b)(5), a party may move to dismiss a complaint for insufficient service of process. Rule 4(m) directs that if a defendant is not served within 90 days after the complaint is filed, the court "must dismiss the action without prejudice against that defendant" unless the plaintiff shows good cause for the failure. In cases where a complaint is removed from state court, Rule 4(m) has been interpreted to give plaintiffs 90 days "after the date of removal to complete service." Medlen v. Estate of Meyers, 273 Fed. App'x 464, 470 (6th Cir. 2008) (citing cases).

This case was removed from state court on November 16, 2018. The Court notes that plaintiffs were made aware of the service defect at the time of removal, as defendants stated in the removal papers that Sterling had not been served. Even so, plaintiffs have not served Sterling, nor have plaintiffs shown good cause for their failure. Accordingly, Sterling's motion to dismiss the complaint without prejudice is granted.

## III. Failure to Prosecute

Defendants Extend-A-Suites and Nikon Capital have moved to dismiss for want of prosecution. Dismissal of a claim for failure to prosecute is a measure made available to district courts, but it is reserved for "extreme situations." Wu v. T.W. Wang, Inc., 420 F.3d 641, 643 (6th Cir. 2005). Under Rule 41, "[i]f the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it." Fed. R. Civ. P. 41(b). The Rule gives district courts a tool to manage their dockets and avoid "unnecessary burdens on the tax-supported courts and opposing parties." Schafer v. City of Defiance Police Dep't, 529 F.3d 731, 736 (6th Cir. 2008) (internal quotation marks omitted).

Because dismissal is a "harsh sanction," a district court should dismiss a claim for failure to prosecute only where there is "a clear record of contumacious conduct by the plaintiff" – conduct which "resist[s] authority" and is "stubbornly disobedient." Id. (internal quotation marks omitted).

---

[1] Though the complaint names Sterling as a defendant, it contains no allegations concerning Sterling's involvement in the alleged wrongdoing.

2

In evaluating whether to dismiss a claim for failure to prosecute, a district court must consider four factors:

> (1) whether the party's failure is due to willfulness, bad faith, or fault; (2) whether the adversary was prejudiced by the dismissed party's conduct; (3) whether the dismissed party was warned that failure to cooperate could lead to dismissal; and (4) whether less drastic sanctions were imposed or considered before dismissal was ordered.

Id. at 737 (quoting Knoll v. AT&T, 176 F.3d 359, 363 (6th Cir. 1999)).

Concerning the first factor, defendants argue that plaintiffs willfully abandoned this litigation once it was removed to federal court. The record supports their assertion. The Clerk of Court sent a notice to plaintiffs' counsel advising him that he is not admitted to practice in this Court and providing information how to be admitted *pro hac vice*. Plaintiffs' counsel did not comply with or otherwise respond to the notice. Nor have plaintiffs responded to four court filings by the defendants: (1) the November 30, 2018 counterclaim of Extend-A-Suite and Nikon Capital, on which defendants were granted an entry of default; (2) the January 18, 2019 motion of Extend-A-Suite and Nikon for default judgment on their counterclaim; (3) the March 27, 2019 motion of Sterling to dismiss for failure to effect service; and (4) the May 30, 2019 motion of Extend-A-Suite and Nikon to dismiss for want of prosecution. Moreover, defendants have attempted to exchange correspondence with plaintiffs' counsel regarding this suit, but have received no responses. See Doc. 13, Exs. 1-3.

"To support a finding that a plaintiffs' actions were motivated by willfulness, bad faith, or fault under the first factor, the plaintiff's conduct must display either an intent to thwart judicial proceedings or a reckless disregard for the effect of his conduct on those proceedings." Schafer, 529 F.3d at 737 (internal quotation marks omitted). To be sure, plaintiffs' conduct has not risen to the level seen in some Rule 41(b) cases in which *sua sponte* dismissals have been upheld. Plaintiffs have not, for instance, failed to appear at scheduled court proceedings or acted in contempt of court orders. See Rogers v. City of Warren, 302 Fed. App'x 371, 377 (6th Cir. 2008); Mulbah v. Detroit Bd. of Educ., 261 F.3d 586, 590 (6th Cir. 2001). Nonetheless, the Court finds that plaintiffs' failure to prosecute is the product of a willful decision to abandon the litigation without regard to the effect that decision on the resources of the defendants and the Court.

Turning to the second factor, the Court finds that defendants have been prejudiced by plaintiffs' conduct. "A defendant is prejudiced by a plaintiff's dilatory conduct if the defendant is required to waste time, money, and effort in pursuit of cooperation which the plaintiff was legally obligated to provide." Carpenter v. City of Flint, 723 F.3d 700, 707 (6th Cir. 2013) (internal quotation marks omitted). Here, defendants paid a filing fee to remove the action to federal court and have had

to engage in motions practice in order to present a procedural posture for the Court to address the plaintiffs' abandonment of the suit.

Skipping ahead to the fourth factor, the Court believes that a sanction short of dismissal would not serve the interests of Rule 41(b). It is not the case that plaintiffs have engaged in conduct for which some lesser sanction, such as a fine, award of costs or attorney's fees, or some disciplinary action, could cure the failure and protect the integrity of the judicial process. See Carpenter, 723 F.3d at 709 (discussing alternative sanctions). Rather, plaintiffs have abandoned the lawsuit in wholesale fashion. A sanction less than dismissal will not get this case back on track for resolution on the merits.

Now turning to the third factor, the Court notes that "prior notice, or the lack thereof, is a key consideration" in determining whether to dismiss a case for failure to prosecute. Schafer, 529 F.3d at 737 (internal quotation marks omitted). The Sixth Circuit has "repeatedly reversed district courts for dismissing cases because litigants failed to appear or to comply with pretrial orders when the district courts did not put the derelict parties on notice that further noncompliance would result in dismissal." Wu, 420 F.3d at 644 (internal quotation marks omitted).

The Court finds that plaintiffs have not received prior notice that their failure to prosecute will result in the dismissal of their claims against Extend-A-Suites and Nikon Capital. Accordingly, the Court will use this Opinion and Order as a means of providing such notice.

## IV. Conclusion

For the reasons stated above, defendant Sterling's motion to dismiss for failure to effect service (doc. 12) is GRANTED, and the claims against Sterling are dismissed without prejudice.

Plaintiffs are hereby ORDERED TO SHOW CAUSE WITHIN 21 DAYS of the date of this Opinion and Order why their claims against defendants Extend-A-Suites and Nikon Capital should not be dismissed for want of prosecution. The Clerk of Court shall send by regular mail a copy of this Order directly to the plaintiffs at the addresses provided in the complaint, and shall send by both regular mail and electronic mail a copy of this Order to plaintiffs' counsel at the addresses listed in the complaint.

                                                s/ James L. Graham
                                                JAMES L. GRAHAM
                                                United States District Judge

DATE: July 2, 2019